IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RANDOM SHANE SMITH,<br><br>　　　　　　Defendant. | Case No. 16-10075-01-JTM |

**UNITED STATES' RESPONSE TO MOTION FOR BILL OF PARTICULARS (DOC. 36)**

　　　　Generally, an indictment is judged "by practical rather than technical considerations" and is held to only minimal constitutional standards. *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir.1997). "An indictment is sufficient if it contains the elements of the offense charged, putting the defendant on fair notice of the charge against which he must defend and if it enables a defendant to assert an acquittal or conviction in order to prevent being placed in jeopardy twice for the same offense." *United States v. Poole*, 929 F.2d 1476, 1479 (10th Cir.1991). "A bill of particulars is not necessary if the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial." *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) (quoting *United States v. Levine*, 983 F.2d 165, 167 (10th Cir.1992). "Unless the request for the bill of particulars shows, on its face, that the failure to grant the request would result in prejudicial surprise, the preclusion of an opportunity for meaningful defense precaution, or double jeopardy problems, defendant has the burden of showing that his or her request meets one of the three criteria." *United States v. Anderson*, 31 F.Supp.2d 933, 938 (D. Kan. 1998); *see also United States v. Anderson*, No. 07 10143 01-JTM, 2008 WL 4078784, at *1 (D. Kan. Aug. 28, 2008). In this case, a bill of particulars is not necessary, for the

following reasons.

## There is no surprise

The defendant has had ample opportunity to prepare his defense, as he has been provided full and substantial discovery. This motion comes more than a year after arraignment, and more than a year after the interviews of MV1 and MV2 (along with other materials) were provided in discovery. The interviews describe the virtually constant and daily sexual abuse inflicted upon MV1 and MV2 by the defendant over the period described in the Indictment. Similarly, the interview of MV1 describes the particulars relating to the production of child pornography (and in a manner that distinguishes it from Count 4). He cannot meet his burden to show surprise as to any of the Counts.

For his part, the defendant's request is for notice of the evidence upon which the Government may rely – that is, which specific sex act, which device, which visual depiction. However, "the defendant is not entitled to notice of all of the *evidence* the government intends to produce, but only the theory of the government's case." *Levine,* 983 F.2d at 167. Because his motion seeks identification of the evidence rather than clarification of the theory, his motion should be denied.

## There is no prejudice of potential double-jeopardy

The Government contends that Indictment sufficiently puts the defendant on fair notice of the charge, such that he would be able to assert acquittal or conviction to prevent double-jeopardy. It should be noted that the defendant only asserts "double-jeopardy implications" relating to Count 3 and 4. Specifically, he questions whether the visual depiction(s) associated with Count 3 would the same as that for Count 4. On its face, this is a spurious argument, as counts *within the same case* do not implicate double-jeopardy. Moreover, Count 3 and Count 4 are sufficiently clear as to

identify the conduct at issue, such that the defendant could avoid charges in another case for the same conduct.

Assuming the defendant were to expand his claim to the other counts, it would still fail. In cases involving sexual abuse of minors, courts have routinely allowed charges to span lengthy periods, particularly where sexual abuse was repetitious. *See Hunter v. State of N.M., 916 F.2d 595, 600* (10th Cir. 1990) (summarily rejecting insufficiency argument relating to sexual abuse spanning more than a 3 year period); *Parks v. Hargett*, 188 F.3d 519 (10th Cir. 1999) (affirming charges relating to sexual abuse of a minor spanning a seventeen-month period); *Fawcett v. Bablitch*, 962 F.2d 617, 619 (7th Cir.1992) (charge of sexual molestation of a child sometime during a six-month period held sufficient to permit defendant to defend against the charge); *United States v. Nunez*, 668 F.2d 10, 12 (1st Cir.1981) (holding that generality in allegation of date is allowed where exact time of crime's commission is not essential under criminal statute and no prejudice is shown); *Valentine v. Konteh*, 395 F.3d 626, 632 (6th Cir.2005) ("[F]airly large time windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements."). As referenced above, the discovery reveals the minor victims described virtually constant and daily sexual abuse, such that the Indictment captures the defendant's course of conduct. The present indictment is drafted in a manner that the defendant may reasonably identify the criminal conduct at issue in this case, such that he could avoid double-jeopardy for the same conduct in another case.

It should not go unnoticed that there is remarkable similarity of the present case and the *Hunter* case. Hunter began abusing his stepdaughter shortly after her ninth birthday and continued until she was 17. *Hunter 916 F.2d at 596*. In that case, Count 1 captured the repeated acts of sexual penetration (either by finger or penis) for the period between the child's ninth and thirteenth

birthdays (four years). *Id*. Count II captured repeated acts of sexual penetration (either by finger or penis) for the period between the child's thirteenth and sixteenth birthday (three years). *Id*. Hunter also sexually abused his daughter, with repeated sexual intercourse, for slightly more than a year. *Id*. That conduct was captured in Count III. Hunter was convicted of all three counts. On appeal, he asserted "a lack of specificity as to the dates of the alleged crimes violated his due process rights." *Id*. In response, the Tenth Circuit stated, "We have reviewed defendant's argument that the information was deficient in failing to identify specific dates for the crimes alleged and do not find it persuasive." *Id*. at 600 (10th Cir. 1990) (citing *United States v. Nunez*, 668 F.2d 10, 12 (1st Cir.1981); *State v. Carr*, 95 N.M. 755, 626 P.2d 292, 306 (N.M.Ct.App.), cert. denied, 454 U.S. 853, 102 S.Ct. 298, 70 L.Ed.2d 145 (1981)). As in *Hunter*, Counts 1 and 2 need not identify the specific sexual act, nor the specific dates. As in *Hunter*, the counts in the present indictment appropriately capture the repeated acts constituting the crimes alleged. The defendant's motion should be denied.

### The indictment does not preclude the opportunity for a meaningful defense

As to Counts 1 and 2 of the Indictment, the defendant asks for a "narrowed date range" so that he may offer an alibi defense. To be certain, the United States has not demanded notice of an alibi defense. The United States contends that the date range is appropriate, in light of the cases identified in the preceding section as well as the facts present in discovery materials.

The defendant's request is that the Government narrow its evidence, rather than its theory, such that the defendant may be able to mount an alibi defense. This is contrary to the purpose of a bill of particulars. "[T]he defendant is not entitled to notice of all of the *evidence* the government intends to produce, but only the theory of the government's case." *Levine,* 983 F.2d at 167. Because his motion seeks a "narrowed date range" of evidence, rather than clarification of the theory, for

the government's case. The defendant's motion should be denied.

                                                                Respectfully submitted,
                                                                THOMAS E. BEALL
                                                                United States Attorney

                                                                s/Jason W. Hart
                                                                JASON W. HART, #20276
                                                                Assistant U.S. Attorney
                                                                1200 Epic Center, 301 N. Main
                                                                Wichita, Kansas 67202
                                                                Telephone: (316) 269-6481
                                                                Fax: (316) 269-6484
                                                                E-mail: jason.hart2@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 29, 2017, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

      David Freund
      Attorney for Defendant

                                                                 s/Jason W. Hart
                                                                JASON W. HART, #20276
                                                                Assistant United States Attorney