IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                                              No. 16-10075-JTM

RANDOM SHANE SMITH,
    Defendant.

MEMORANDUM AND ORDER

This matter is before the court on defendant Random Shane Smith's request asking that his "case be removed from the BOP [Bureau of Prisons] electronic law library." (Dkt. 62, at 1). Smith states his belief that "[p]eople in prison use the law library to look other people up and get there [sic] information." (*Id.*) He expresses concern that such information might endanger him, but provides no evidence that such electronic access has actually played any role in some specific harm to him.

To the extent Smith is asking that the court issue an order to the Bureau of Prisons restricting its electronic library, the court lacks jurisdiction to grant the relief sought. *See United States v. Amawi*, 579 F. Supp. 2d 923, 924 (N.D. Ohio 2008) (sentencing court had no jurisdiction to grant prisoner's request to regulate electronic access to case materials).

To the extent Smith may be requesting a sealing of his case, the burden for such relief is heavy, given the strong presumption of public access to judicial records. *See Nixon*

*v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978); *United States v. Kravetz*, 706 F.3d 47, 62 (1st Cir. 2013). This presumption "stems from the premise that public monitoring of the judicial system fosters the important values of 'quality, honesty and respect for our legal system.'" *Siedle v. Putnam Investments, Inc.*, 147 F.3d 7, 9-10 (1st Cir. 1998). Consistent with this understanding, Congress has recognized a "compelling public need" to keep criminal records publicly available. *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977). When evaluating a motion to seal a court record, the court "carefully balances the competing interests that are at stake in the particular case." *Siedle*, 147 F.3d at 10. Here, Smith has failed to meet this heavy burden.

IT IS ACCORDINGLY ORDERED this day of April, 2019, that the defendant's Request for Relief (Dkt. 62) is denied.

s/ J. Thomas Marten
J. Thomas Marten, Judge